MITCHELL MALZBERG, ESQ. (MM4551)
MITNICK & MALZBERG, P.C.
PO Box 429
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
Counsel to the Chapter 7 Trustee

| In the Matter of:<br><br>ROBERT ARMSTRONG<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Chapter 7<br><br>Case No.  12-27672/JHW<br><br>Hearing Date:  December 18, 2012 at 10:00 a.m.<br><br>Honorable Judith H. Wizmur |
|---|---|

### CERTIFICATION IN OPPOSITION TO DEBTOR'S MOTION TO DISMISS

I, Mitchell Malzberg, hereby certify as follows:

1.  I serve counsel to creditor Roma Philadelphia (hereinafter, "Roma"), in the above entitled matter and submit this Certification in opposition to the debtor's Notice of Motion to Dismiss the within proceeding.  I oppose the dismissal of this proceeding as no grounds exist to dismiss under 11 U.S.C. § 707.

2.  The debtor filed a voluntary Chapter 7 petition on July 16, 2012.

3.  The debtor sets forth in his certification that he has shares in three pizza restaurants, one of which has filed a Chapter 11 bankruptcy.  There is currently a contract for sale as to the two remaining entities however, the debtor advises that the proposed buyer will not consummate a sale due to the pendency of the within Chapter 7 case.

4.  The debtor is indebted to Roma Philadelphia pursuant to a personal guaranty relating to goods purchased and delivered on behalf of his pizza restaurants.  The debtor owes the sum of $73,979.61 to Roma pursuant to the personal guaranty.

5. Roma has also commenced litigation in the Superior Court of New Jersey, Cumberland County Law Division entitled, *Performance Food Group, Inc. d/b/a Roma Philadelphia v. LC OF South Jersey Limited Liability Company et al.,* bearing docket number L-4571-12 seeking payment for goods provided in the sum of $73,979.61. A copy of the Complaint is annexed hereto as Exhibit "A".

**6**. The debtor further states in his certification that due to a judgment against him obtained by Caesar's Pizza, he will not be entitled to proceeds of the sale of the two pizzeria businesses. He further provides his sole reason for requesting dismissal is to allow the aforementioned sale to proceed so that his partner and brother, Art Armstrong, and partner Joseph Bennis will be afforded an opportunity to make a profit from the sale of these businesses. He contends that they would lose a substantial amount of money by losing the opportunity to consummate the sale due to his pending Chapter 7 case. The debtor characterizes his partners as "innocent bystanders" who would lose a great deal unless the bankruptcy is dismissed.

7. The debtor's motion does not give rise for this Court to dismiss the within proceeding. In fact, the pleading further supports that there is no cause whatsoever for dismissal pursuant to 11 U.S.C. § 707.

8. The debtor seeks dismissal of the within case to allow the sale of the businesses to move forward and to allow his partners to reap the benefits of same. There is no mention whatsoever of any intention to pay the legitimate business obligations of the entities prior to the partners receiving the sale proceeds.

9. The debtor's petition lists liabilities in excess of $2.5 million. Counsel to the Trustee advised that the Trustee is investigating into whether there would be any equity from the sale of the business entities that would benefit the debtor estate. The Trustee should be allowed to continue her investigation into potential assets of the estate.

10. Dismissal of this case would not be beneficial to creditors and there is no cause existing for dismissal of this case. Dismissal would, in fact, be prejudicial to creditors. However, should the Court be inclined to grant the debtor's motion for dismissal, same should be conditioned upon creditor's claims being paid in full.

11. In sum, the debtor's motion should be denied as there is no basis or cause for dismissal of the within bankruptcy filed by the debtor.

I certify that the statements made by me are true and if they are made in a willfully false manner, I may be subject to punishment.

MITNICK & MALZBERG P.C.

*/s/ Mitchell Malzberg*
MITCHELL MALZBERG, ESQ.
Counsel to Creditor, Roma Philadelphia

Dated:   December 10, 2012